NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHFL ENTERTAINMENT, INC.,**
*Plaintiff-Appellant*

**v.**

**DIGIDEAL CORPORATION,**
*Defendant*

---

2016-2705

---

Appeal from the United States District Court for the District of Nevada in No. 2:12-cv-01782-GMN-VCF, Judge Gloria M. Navarro.

---

Decided: May 2, 2018

---

KIMBALL RICHARD ANDERSON, Winston & Strawn LLP, Chicago, IL, argued for plaintiff-appellant. Also represented by GEOFFREY P. EATON, Washington, DC; HOWARD I. SHIN, New York, NY.

---

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

SHFL Entertainment, Inc. sued DigiDeal Corporation in the U.S. District Court for the District of Nevada for infringement of U.S. Patent Nos. 6,651,982 and 7,523,935. While the litigation was pending, the U.S. Patent and Trademark Office reexamined the patents, cancelling all originally asserted claims of the '935 patent and confirming a new claim as patentable, and confirming all originally asserted claims of the '982 patent in their amended form and two new claims as patentable. Based on the results of the reexaminations, the court found the entire suit moot and entered summary judgment against SHFL.

The district court correctly found the case moot as to the cancelled claims of the '935 patent. Suits based on cancelled claims must be dismissed for lack of jurisdiction, however. We thus vacate the entry of summary judgment as to the cancelled claims, and remand for the court to dismiss that part of the action for lack of jurisdiction.

In addition, the court failed to determine whether the new and amended claims that emerged from the reexaminations of the two patents are substantially identical to the claims originally asserted in the action. We therefore vacate the grant of summary judgment as to those claims, and remand for the court to make that determination.

I

SHFL supplies gaming products, such as automatic card shufflers used in casinos. It owns the '935 and '982 patents, which share a common specification that discloses card shuffling devices and methods of randomizing cards using the shuffling devices. DigiDeal similarly manufactures and markets gaming equipment, including an automatic single deck card shuffler known as the DigiShuffle™ (DigiShuffle).

On October 10, 2012, SHFL sued DigiDeal for patent infringement, alleging that DigiDeal infringed and con-

tinued to infringe the '935 and '982 patents by "using and offering to sell" the DigiShuffle. On March 12, 2013, SHFL served a "Disclosure of Asserted Claims and Infringement Contentions" on DigiDeal, disclosing that it was asserting claims 1–2, 9–11, and 14 of the '935 patent and claims 1–3, 42–44, and 46 of the '982 patent in the action. On March 14, 2013, the district court entered a stipulated scheduling order, which, among other things, retroactively provided that "Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)" be completed by March 12, 2013 and separately that "Plaintiff's disclosure of asserted claims and infringement contentions (LR 16.1-6) and accompanying production (LR 16.1-7)" also be completed by the same deadline. The scheduling order also provided that "[t]he deadline for filing motions to amend the pleadings or to add parties shall be July 11, 2013."

On August 26, 2013, SHFL filed a motion for leave to amend its complaint, asserting that it has discovered that in addition to "using and offering for sale" the DigiShuffle, DigiDeal also infringes by "manufacturing" the product in the United States. On September 20, 2013, the court granted that motion. On September 25, 2013, SHFL amended its operative complaint, alleging that DigiDeal infringed and continued to infringe the asserted claims by "manufacturing, using, and offering to sell" the DigiShuffle.

While the litigation was pending, the PTO granted DigiDeal's requests for ex parte reexaminations of the '935 and '982 patents. On April 17, 2014, the district court entered an order granting a stipulation by the parties staying the litigation pending the final disposition of the ex parte reexaminations. As part of that stipulation, DigiDeal also agreed to a preliminary injunction, which provided that "[d]uring the pendency of the stay of this action" it "shall not manufacture, market, lease, offer to sell, sell, or place with any customer the accused DigiDeal card shuffler (*i.e.*, the DigiShuffle), or any sub-

stantially similar automatic card shuffler, including the manufacture of the components of the DigiShuffle for assembly outside of the United States" and also "shall immediately take steps to remove any DigiShuffle card shuffler that is currently operating and/or has been installed for any customer." Appx 226.[1]

The PTO initially found all asserted claims of the '935 patent invalid as obvious, *see* Appx 455, 457, 469–72, and all asserted claims of the '982 patent invalid as anticipated or obvious, *see* Appx 421, 423, 433–48. In response, SHFL cancelled all asserted claims of the '935 patent and added a new claim 15 to the patent, and amended all asserted claims of the '982 patent and added two new claims 52 and 53 to the patent. The PTO then issued reexamination certificates for the '935 patent after cancelling asserted claims 1–2, 9–11, and 14 as requested and confirming new claim 15 as patentable, Appx 78–80, and for the '982 patent after confirming asserted claims 1–3, 42–44, and 46 in their amended form and new claims 52 and 53 as patentable, Appx 72–75.

On December 18, 2015, the district court lifted the litigation stay and directed the parties to file "an appropriate request for dispositive adjudication based on the results of the reexamination" of the patents. Appx 22–23.

On January 7, 2016, SHFL served a "First Amended Disclosure of Asserted Claims and Infringement Contentions" on DigiDeal, disclosing that it continues to assert the originally asserted claims of the '935 and '982 patents, and additionally asserts claim 15 of the '935 patent and claims 1–3, 42–44, 46, and 52–53 of the '982 patent— claims that emerged from the reexaminations. Rather than amend the operative complaint to assert post-

---

[1]    "Appx" refers to Appendix, attached to SHFL's brief.

reexamination accused infringing activities against DigiDeal, SHFL opted to assert such allegations through the amended disclosure served on DigiDeal.[2]

On January 8, 2016, DigiDeal filed a motion for summary judgment, arguing that the case was moot as to all asserted claims. Appx 23, 232–33. In support, DigiDeal declared that "[it] has not made, used, offered to sell, or sold any automatic card shuffler, including without limitation DigiDeal's *DigiShuffle* device" subsequent to the stay entered on April 17, 2014 or since the issuance of the reexamination certificates for the '935 and '982 patents. Appx 234. DigiDeal also moved the district court to vacate the preliminary injunction entered on April 17, 2014, when the court had stayed the matter pending the reexaminations. *Id.*

On March 30, 2016, the district court granted the motions, entering summary judgment against SHFL and vacating the preliminary injunction entered on April 17, 2014. Appx 25–26; *see also* Appx 23 n.1. The court first noted that we have held in *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013), that "'if the original claim is cancelled or amended to cure invalidity [in a reexamination], the patentee's cause of action is extinguished and the suit fails.'" Appx 25 (quoting *Fresenius*, 721 F.3d at 1340). The court then observed that as a result of the reexaminations, the asserted claims of the '935 patent "were cancelled in their entirety" and the asserted claims of the '982 patent "were either amended to cure invalidity or dependent on an amended claim." *See id.* (citations omitted). Applying "the binding holding in *Fresenius*" to the undisputed fact that "the asserted claims were either cancelled or amended to cure invalidity

---

[2]  SHFL also appears to have presented such activities as hypothetical scenarios amounting to infringement.

during reexamination," the court then found SHFL's entire "cause of action . . . extinguished." *Id.*

SHFL appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).[3]

## II

We apply the law of the regional circuit when reviewing a district court's grant of summary judgment. *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1146 (Fed. Cir. 2016). Summary judgment in the Ninth Circuit is appropriate when, after drawing all reasonable inferences in favor of the non-moving party, there remains no genuine issue of material fact precluding the grant of summary judgment. *See Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011).

We review a district court's dismissal for mootness de novo. *Ford Motor Co. v. United States*, 688 F.3d 1319, 1323 (Fed. Cir. 2012) (citing *King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1282 (Fed. Cir. 2010)). "[T]o avoid dismissal for mootness, an actual controversy must remain at all stages, not merely at the time the complaint is filed." *Gerdau Ameristeel Corp. v. United States*, 519 F.3d 1336, 1340 (Fed. Cir. 2008) (citing *Steffel v. Thompson*, 415 U.S. 452, 460 n.10 (1974)).

## A

We first turn to the cancelled claims of the '935 patent. The originally asserted claims of the patent were cancelled as a result of the reexamination, and the district court found the action moot as to those claims. We agree with that determination.

---

[3]    DigiDeal has not participated in this appeal.

*Fresenius* makes clear that "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." 721 F.3d at 1340. It is undisputed that claims 1–2, 9–11, and 14 of the '935 patent, the originally asserted claims of the patent, were all cancelled during the reexamination. The district court, therefore, correctly found the case moot as to those cancelled claims.

Suits based on cancelled claims must be dismissed for lack of jurisdiction, however. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists. If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." (citations and quotation marks omitted)); *see also Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F. App'x 1018, 1023 (Fed. Cir. 2016) (upholding the district court's dismissal for lack of jurisdiction because *Fresenius* rendered the suit moot as to the claims cancelled after reexamination). Accordingly, we vacate the entry of summary judgment as to the cancelled claims of the '935 patent, and remand for the district court to dismiss the claims from the action for lack of jurisdiction.

B

We next turn to the new claim 15 of the '935 patent, and the new claims 52–53 and amended claims 1–3, 42–44, and 46 of the '982 patent, claims that emerged from the reexaminations of the two patents. The district court merely addressed the originally asserted claims of the '982 patent. Relying on *Fresenius*, the court found the case moot as to those claims because the claims were amended to cure invalidity. Appx 25. SHFL argues that the court erred by failing to determine whether the new and amended claims that emerged from the reexamina-

tions are substantially identical to the originally asserted claims of the patents. We agree.

As an initial matter, the court's reliance on *Fresenius* is misplaced. *Fresenius* involved only cancelled claims. 721 F.3d at 1336. SHFL also asserted in the action the new and amended claims that emerged from the reexaminations.[4] The district court failed to consider the effect of those claims before finding the action moot.

Relevant statutory provisions set forth the essential inquiry relevant to the new and amended claims. Section 307(b) makes clear that "[a]ny proposed amended or new claim determined to be patentable and incorporated into a patent following a reexamination proceeding will have the same effect as that specified in section 252 for reissued patents on the right of" any accused infringer. 35 U.S.C.

---

[4]   Local Rules effective at the time permitted a party to amend its infringement contentions for good cause at any time before the discovery cut-off date. *See* D. Nev. L.R. 16.1-12 (effective Aug. 1, 2011, through Apr. 30, 2016) ("Amendment of initial disclosures required by these Rules may be made for good cause without leave of Court anytime before the discovery cut-off date. Thereafter, the disclosures shall be final and amendment of the disclosures may be made only by order of the Court upon a timely showing of good cause.") (currently D. Nev. Patent L.R. 1-12, effective May 1, 2016). Because discovery never closed in this action, SHFL properly amended its initial disclosure of the asserted claims when it served a "First Amended Disclosure of Asserted Claims and Infringement Contentions" on January 7, 2016. Indeed, service on the parties, without filing with the court, appears to suffice. *See* D. Nev. L.R. 16.1-6 ("[A] party claiming patent infringement shall serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'") (currently D. Nev. Patent L.R. 1-6).

§ 307(b). Section 252 in turn provides that "in so far as the claims of the original and reissued patents are substantially identical, such [reissue of the original patent] shall not affect any action then pending nor abate any cause of action then existing . . . ." *Id.* § 252. Read conjunctively, amended or new claims incorporated into reexamined patents do not automatically abate—let alone moot—any pending action against the accused infringer based on the patents if the amended or new claims are "substantially identical" to the original claims. *See also Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) ("Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent can not be enforced against infringing activity that occurred before issuance of the reexamination certificate."). *Fresenius* itself required this, stating that "the reexamination statute restricts a patentee's ability to enforce the patent's original claims to those claims that survive reexamination in 'identical' form." 721 F.3d at 1339. To determine whether a claim change is substantially identical, "it is *necessary* to analyze the claims of the original and the reexamined patents in light of the particular facts, including the prior art, the prosecution history, other claims, and any other pertinent information." *Laitram Corp. v. NEC Corp.*, 952 F.2d 1357, 1362–63 (Fed. Cir. 1991) (emphasis added); *see also R+L Carriers, Inc. v. Qualcomm, Inc.*, 801 F.3d 1346, 1350 (Fed. Cir. 2015) (indicating that whether the scope of the reexamined claim is "substantially identical" to the scope of the original claim is "based on a normal claim construction analysis").

The question of whether SHFL's case is moot as to the new and amended claims that emerged from the reexaminations of the two patents, therefore, necessarily depends on whether those claims are substantially identical to the originally asserted claims. The district court, however, failed to undertake that evaluation. Accordingly, we

vacate the grant of summary judgment as to those claims, and remand for the court to make that determination in the first instance.

## III

We have considered SHFL's remaining arguments and find them unpersuasive. Based on the foregoing, we vacate the district court's grant of summary judgment against SHFL and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

No costs.